IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **MARTINEZ YORBER,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | **CAUSE NO. EP-26-CV-653-KC** |
| § | |
| **WARDEN OF ERO EL PASO EAST** § | |
| **MONTANA et al.,** § | |
| § | |
| Respondents. § | |

### SHOW CAUSE ORDER

On this day, the Court considered Martinez Yorber's Motion to Proceed in Forma Pauperis ("Motion"), ECF No. 1, and Petition for a Writ of Habeas Corpus, ECF No. 1-1.

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

Yorber requests that the Court allow him to proceed in Forma Pauperis ("IFP") and waive the filing fee for his Petition. *See* Mot. 1.

To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required. *Id.* In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses. *Roden v. Texas* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995). Yorber is not employed, has no income, and has no savings or assets. Mot. ¶¶ 1–5. He has thus made the requisite showing that he is unable to afford the costs of the proceeding and qualifies for IFP status. *See Ayers*, 1995 WL 696702, at *1.

## II. PETITION FOR A WRIT OF HABEAS CORPUS

Yorber is held in immigration detention at ERO El Paso Camp East Montana in El Paso, Texas. Pet. ¶ 2. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 13, 15.

Yorber entered the country and presented himself to immigration authorities on September 17, 2023. *Id.* ¶ 13. He was detained for two days and then released. *Id.* On September 16, 2025, Yorber was arrested and re-detained. *Id.* Yorber alleges that Immigration and Customs Enforcement ("ICE") granted him bond in the amount of $1,500.00, but this was "appealed" and therefore apparently either vacated or stayed the next day. *Id.* As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Yorber's case warrant a different outcome.

## III. CONCLUSION

Accordingly, the Court **ORDERS** that Yorber's Motion, ECF No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>**no later than March 16, 2026**</u>, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  See Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 9th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE