**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARTINEZ YORBER,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-653-KC** |
| | § | |
| **WARDEN OF ERO EL PASO EAST** | § | |
| **MONTANA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On March 6, 2026, Martinez Yorber filed a

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 3. Yorber challenged his detention as

unlawful and asked the Court to order his release or a bond hearing. *Id.* ¶¶ 13, 15. The Court

ordered Respondents to show cause why the Petition should not be granted. Mar. 9, 2026, Order

2, ECF No. 2.

Respondents now inform the Court that, on March 5, 2026, Yorber was released from

custody. Advisory, ECF No. 5; *see id.* Ex. A ("Order of Release on Recognizance"), ECF No. 5-

1.

"[W]here an [immigration detainee] is granted the relief he requests, no 'case or

controversy' remains" and thus the habeas petition is rendered moot. *Virani v. Huron*, No. 5:19-

cv-499-ESC, 2020 WL 7405655, at *3 (W.D. Tex. Dec. 17, 2020) (quoting *Ortez v. Chandler*,

845 F.2d 573, 575 (5th Cir. 1988)). Because Yorber has now been released from custody, the

Petition is moot. *See Ortez*, 845 F.2d at 575.

Accordingly, the Court **ORDERS** that the Petition is **DISMISSED** as moot.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 18th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE